TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
LINDSEY A. MORGAN (SBN 274214)
lmorgan@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625

Attorneys for Defendant
Gordon & Wong Law Group, P.C.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FERRIER,<br><br>          Plaintiff,<br><br>     vs.<br><br>GORDON & WONG LAW GROUP, P.C.,<br><br>          Defendant. | CASE NO.:<br><br>**NOTICE OF REMOVAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant Gordon & Wong Law Group, P.C. ("Defendant") hereby removes to this Court the state court action described below.

1.   On December 2, 2013, a complaint was filed against Defendant by plaintiff Erica Ferrier ("Plaintiff"), in an action pending in Superior Court of the State of California in and for the County of Yuba, entitled *Erica Ferrier v. Gordon & Wong Law Group, P.C.*, Case No. CV-G-13-0000380. A copy of the state court complaint ("Complaint") is attached hereto as **Exhibit A**.

2.   This removal petition is timely under 28 U.S.C. § 1446(b) because Defendant was served on January 28, 2014.

3.   This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because the Complaint asserts claims against Defendant arising under 28 U.S.C. §§ 1692, *et seq.* (the "Fair Debt Collection Practices Act" or "FDCPA"), and 15 U.S.C. §§ 1693, *et seq.* (the "Electronic Funds Transfer Act" or "EFTA"). *See* Ex. A, ¶¶ 1, 15, 24.

4.   As the Complaint was filed in the Superior Court of the State of California, County of Yuba, venue in this District Court is proper. *See* 28 U.S.C. § 1441(a) (providing for removal "to the district court of the United States for the district and division embracing the place" where the state court action is pending); 28 U.S.C. § 84(b) (The Eastern District, Sacramento Division comprises the counties of, inter alia, Yuba).

5.   Defendant is represented by the undersigned.

//
//
//
//
//

| | |
|---|---|
| 1  DATED: February 5, 2014 | SIMMONDS & NARITA LLP |
| 2  | TOMIO B. NARITA |
|    | LINDSEY A. MORGAN |

By:   s/Lindsey A. Morgan
　　　Lindsey A. Morgan
　　　Attorneys for Defendant
　　　Gordon & Wong Law Group, P.C.

# Exhibit A

10-3868

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GORDON & WONG LAW GROUP, P.C.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ERICA FERRIER



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED-FILED
YUBA COUNTY
SUPERIOR COURT

2013 NOV 19 AM 8: 37

H. STEPHEN KONISHI
CLERK OF THE COURT
BY A. OROZCO
COURT CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.
   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.
   Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Yuba County Courthouse
215 5th St., Ste #200
Marysville, Ca 95901

CASE NUMBER:
*(Número del Caso):* 13-000380

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 369 S. Doheny Dr., #415, Beverly Hills, CA 90211, 877-206-4741

DATE: NOV 19 2013          Clerk, by  H. STEPHEN KONISHI / A. OROZCO      , Deputy
*(Fecha)*                  *(Secretario)*                                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

JAN 10 2014

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278512)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
Attorney for Plaintiff

ENDORSED-FILED
YUBA COUNTY
SUPERIOR COURT

2013 NOV 19 AM 8: 37

H. STEPHEN KONISHI
CLERK OF THE COURT
BY A. OROZCO
COURT CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF YUBA
LIMITED JURISDICTION

ERICA FERRIER,

Plaintiff,

-vs-

GORDON & WONG LAW GROUP, P.C.,

Defendant.

CASE NO.: YCSCCVG 13-0000380

COMPLAINT

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act
3. Violation of California Business and Professions Code §17200
4. Violation of Electronic Funds Transfer Act

(Amount not to exceed $10,000)

JAN 10 2014

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "RFDCPA"), and the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; Defendant's violations of the California Business and Professions Code §17200

1

(hereinafter "CBPC"); and Defendant's violation of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.*

## II. PARTIES

2.  Plaintiff, Erica Ferrier ("Plaintiff"), is a natural persons residing in Yuba County in the state of California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3.  At all relevant times herein, Defendant, Gordon & Wong Law Group, P.C. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). .

4.  Defendant is also a debt collector as that term is defined by Cal. Civ. Code §1788.2(c) as Defendant regularly engages in the practice of making written and telephonic demands for payment to those of whom it renders goods and services.

## III. FACTUAL ALLEGATIONS

5.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant attempted to collect a debt from Plaintiff through the use of multiple debt collection agencies.

6.  The alleged debt in question is in regards to the PLAINTIFF's emergency room visit that took place approximately five (5) years ago in 2008.

7.  PLAINTIFF had set up a payment plan with DEFENDANT and was successfully making payments. DEFENDANT and PLAINTIFF set up an agreement whereby DEFENDANT would withdraw monthly payments from PLAINTIFF's checking account. However, the

2

payment plan was never confirmed in writing. Furthermore, no monthly notices were sent to PLAINTIFF from DEFENDANT regarding the monthly withdrawal plan.

8. DEFENDANT abruptly stopped withdrawing monthly payments from PLAINTIFF's checking account.

9. PLAINTIFF tried to contact DEFENDANT, but DEFENDANT's phone number was no longer a working number. The DEFENDANT had changed locations.

10. When DEFENDANT finally contacted PLAINTIFF, they sought additional money for interest that accrued during the period that DEFENDANT was unreachable.

11. Consequently, on or around April 26th, 2013, DEFENDANT contacted PLAINTIFF's employer and tendered wage-garnishment paperwork.

12. On that same day the garnishment paper work was received by PLAINTIFF's employer, DEFENDANT seized PLAINTIFF's savings account for double the amount that PLAINTIFF allegedly owed.

13. Additionally, DEFENDANT has contacted PLAINTIFF at her place of employment, and DEFENDED initiated and engaged in a yelling and screaming match with PLAINTIFF.

14. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

15. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

a) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, repeatedly sending Plaintiff's account to debt collection agencies, despite the settlement of the account (§1692e(2)(A));

b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including, but not limited to, repeatedly sending Plaintiff's account to debt collection agencies, despite the settlement of the account (§1692e(10);

c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, repeatedly sending Plaintiff's account to debt collection agencies, despite the settlement of the account (§1692f));

d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, including, but not limited to, repeatedly sending Plaintiff's account to debt collection agencies, despite the settlement of the account (§1692f(1));

e) Collecting an amount from Plaintiff that is not permitted by law including, but not limited to, repeatedly sending Plaintiff's account to debt collection agencies, despite the settlement of the account (§1692f(1)); and

f) A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt (§ 1692d).

16. Ancillary to Defendant's violations of the RFDCPA, Defendant's actions constitute unfair business practices under CBPC §17200.

17. Additionally, Defendant violated the EFTA, which provides that a "preauthorized electronic funds transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made.

18. As a result of the above violations of the RFDCPA and CBPC, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Civil penalties;
    D. Costs and reasonable attorney's fees; and,
    E. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200

21. Plaintiff incorporates by reference Paragraphs 1 through 23, inclusive, as if fully set forth herein.

22. Defendant's acts, as detailed above, constitute one or more unfair, unlawful or fraudulent business acts or practices, and/or unfair, deceptive, untrue or misleading advertising

and/or act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code, as defined by *Business & Professions Code Section 17200 et seq.*

26. By reason of Defendant's fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, Defendant violated *California Business and Professions Code §17200 et seq.*, by engaging in one or more unlawful, unfair, and fraudulent business practice, designed to obtain sums of money from Plaintiff through Defendant's failure to disclose material information, which it had a duty to disclose as a result of its confidential and/or fiduciary relationship to Plaintiff, and/or through false and fraudulent representations regarding alleged services and goods rendered to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant, for the following:

A. An injunction prohibiting Defendant from engaging in such conduct in the future;

B. Restitution in the sum of all payments made by Plaintiff in excess of the amount Defendant regularly receives from its most frequent, regular payer for the goods and services provided to Plaintiff, in reliance upon Defendant's intentionally false and deceptive representations,

C. Reasonable attorneys' fees and costs pursuant to *Cal. Code. Civ. P. § 1021.5* as the conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general public.

D. Any other relief that this Honorable Court deems appropriate.

## COUNT IV: VIOLATION OF ELECTRONIC FUNDS TRANSFER ACT

23. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

24. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 8th day of November, 2013

By: _____
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>369 S. Doheny Dr. #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228<br>ATTORNEY FOR *(Name)*: Plaintiff, Erica Ferrier | RECEIVED<br>1 9 2013<br>COUNTY<br>OR COURT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Yuba
STREET ADDRESS: 215 5th St., Ste #200
MAILING ADDRESS:
CITY AND ZIP CODE: Marysville, Ca 95901
BRANCH NAME:

CASE NAME:
Erica Ferrier v. Gordon & Wong Law Group, P.C.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited   ☑ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 13-0000986<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☑ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify)*: 4
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 1st, 2013

Todd M. Friedman
(TYPE OR PRINT NAME)                                    ▶  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:  FAX NO:<br>ATTORNEY FOR *(NAME)*:<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF YUBA<br>215 FIFTH STREET, SUITE 200<br>MARYSVILLE CA  95901<br>(530) 749-7600 | ENDORSED<br>YUBA COUNTY<br>SUPERIOR COURT<br>2013 NOV 19  PM 2: 51<br>H. STEPHEN KONISHI<br>CLERK OF THE COURT<br>BY: A. OROZCO<br>COURT CLERK |
| PLAINTIFF/PETITIONER: ERICA FERRIER<br><br>vs.<br><br>DEFENDANT/RESPONDENT: GORDON & WONG LAW GROUP PC | |
| **NOTICE OF MANDATORY CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>CV-G-13-0000380 |

**YOU ARE HEREBY NOTIFIED** that the above-entitled case has been set for Case Management Conference as follows:

| DATE: 01/27/2014 | TIME: 1:30 p.m. | DEPARTMENT: 2 |
|---|---|---|
| LOCATION: Yuba County Courthouse, 215 Fifth Street, Marysville, CA  95901 | | |

You must file and serve a completed *Case Management Statement (Judicial Council Form CM-110)* at least 15 days before the case management conference.

You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

Effective January 1, 2013 at least one party demanding a jury on each side of a civil case must pay a nonrefundable fee of $150 on or before the initial case management conference or as otherwise provided by statute.

At the case management conference, the Court may make pretrial orders, including the following:
1. An order establishing a discovery schedule;
2. An order referring the case to arbitration;
3. An order reclassifying the jurisdictional limits;
4. An order dismissing fictitious defendants;
5. An order scheduling exchange of expert witness information;
6. An order setting subsequent conferences and the trial date;
7. Other orders to achieve the goals of the Trial Court Delay Reduction Act [Government Code § 68600, et seq.]

> **NOTE**
> **PLEASE DO NOT** attach copies of previous case management orders as instructed in paragraph 21 of the Case Management Statement [Judicial Council Form CM-110].

Counsel may appear via *CourtCall* if arranged no later than 12:00 p.m. (Noon) on the Thursday before the Monday conference date.  You may contact *CourtCall* at (888) 882-6878.

Dated: November 19, 2013

H. Stephen Konishi
Clerk of the Superior Court

By: A. OROZCO
Court Clerk

JAN 1 0 2014

| Form Adopted for Mandatory Use<br>Yuba County Superior Court<br>Effective 1/17/03; Rev. 6/7/13 | NOTICE OF MANDATORY CASE<br>MANAGEMENT CONFERENCE | CV03014A<br>NCM<br>Page 1of 1 |



# Guidelines with Respect to Attorneys Fees Awards in Civil Default Judgments

Hon. Debra L. Givens
Judge of the Superior Court
August 10, 2005

As confusion has arisen among local practitioners with respect to attorneys fees-awards in civil default judgments, the following are guidelines, which will be employed in the making of such warrants.

## WHEN THE CLERK WILL ENTER JUDGMENT FOR ATTORNEYYS FEES:

**Open Book Fees:** If the complaint pleads a cause of action on Open Book Account for a debt owing by a natural person for goods, money or services, which were primarily for personal, family, or household purposes, the clerk, will enter a requested award of attorneys' fees of $1,000, or 25% of the obligation, whichever is less. For all other book accounts, attorneys fees will be $1,000, or 25% of the obligation, whichever is less. Civil Code Section 1717.5(a). If, however if there is a written agreement between the parties signed by the party to be charged, open book fees will not be entered unless the agreement contains a statement that the prevailing party in any action between the parties is entitled to fess provided by Civil Code Section 1717.5. Persons requesting that the clerk enter an award of open book fees must submit a declaration indentifying the paragraph of the parties' agreement complaint to the requirements of section 1717.5. If the agreement is not appended to the complaint, it must be appended to the declaration.

**All Other Cases:** Because the Yuba County Superior Court does not have an attorneys fee schedule, the Clerk will not ministerially enter an award of attorneys fees in any other circumstance. Rather, the Court will determine the amount of the reasonable fee. Code of Civil Procedure section 585(a).

## WHEN THE COURT WILL ENTER JUDGMENT FOR ATTORNEYS FEES:

**Contract/Statutory Fees:** Because the Yuba County Superior Court does not have an attorneys fee schedule, in contract cases where the contract provides for attorneys fees to the prevailing party, or in cases where entitlement to fees is established by statute (excluding open book accounts), an application must be made for the Court to fix the amount of the reasonable fee. C.C.P. section 585(a).

**Sufficiency of Showing:** A showing sufficient to support an award of attorneys fees must be verified by counsel, and must conform to the requirements to enunciated in *Serrano v. Priest* (1977) 20 Cal.3d 25, 48-49. Declarations which state a claim for fees with no itemization, or which otherwise present insufficient evidence for the court to make the so-called "lodestar" determination will be rejected.

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Nicholas J. Bontrager, SBN 252114; Suren N. Weerasuriya, SBN 278512<br>Law Offices of Todd M. Friedman, P.C.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 877-206-4741   FAX NO. (Optional): 866-633-0228<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Erica Ferrier | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Yuba
STREET ADDRESS: 215 5th St #200
MAILING ADDRESS:
CITY AND ZIP CODE: Marysville, CA 95901
BRANCH NAME:

PLAINTIFF/PETITIONER: Erica Ferrier

DEFENDANT/RESPONDENT: Gordon & Wong Law Group, P.C.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>13-0000380 |
|---|---|

TO (insert name of party being served): Gordon & Wong Law Group, P.C.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 6, 2014

Jason Rea
(TYPE OR PRINT NAME)                    ▶ _____
                                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
       Notice of Case Management Conference

(To be completed by recipient):

Date this form is signed:

▶

_____                    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
  ON WHOSE BEHALF THIS FORM IS SIGNED)                        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

JAN 1 0 2014

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Nicholas J. Bontrager, SBN 252114; Suren N. Weerasuriya, SBN 278512<br>Law Offices of Todd M. Friedman, P.C.<br>369 S. Doheny Dr., #415<br>Beverly Hills, CA 90211<br>TELEPHONE NO.: 877-206-4741   FAX NO. (Optional): 866-633-0228<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Erica Ferrier | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Yuba
STREET ADDRESS: 215 5th St #200
MAILING ADDRESS:
CITY AND ZIP CODE: Marysville, CA 95901
BRANCH NAME:

PLAINTIFF/PETITIONER: Erica Ferrier
DEFENDANT/RESPONDENT: Gordon & Wong Law Group, P.C.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER:
13-0000380

TO (insert name of party being served): Gordon & Wong Law Group, P.C.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 6, 2014

Jason Rea
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other (specify):
   Notice of Case Management Conference

(To be completed by recipient):

Date this form is signed:

▶

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com