UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA FERRIER,<br><br>           Plaintiff,<br><br>     v.<br><br>GORDON & WONG LAW GROUP, P.C.,<br><br>           Defendant. | No. 2:14-CV-356-GEB-DAD<br><br>**ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION; AND DENYING AS MOOT PLAINTIFF'S ATTORNEY'S MOTION TO WITHDRAW AS COUNSEL** |

Defendant seeks summary judgment on each claim in Plaintiff's Complaint. Plaintiff alleges in her Complaint that Defendant's conduct in attempting to collect a debt from her violated the federal Fair Debt Collection Practices Act ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), the Electronic Funds Transfer Act ("EFTA") and California's Unfair Competition Law ("UCL").

Further Plaintiff's counsel seeks an order authorizing it to withdraw as Plaintiff's counsel of record. (ECF No. 20.)

### I.   DEFENADNT'S MOTION FOR SUMMARY JUDGMENT

**A.   Legal Standard**

A party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of

1

material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). It may support its assertion that a material fact cannot be genuinely disputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. Rule Civ. Proc. ("Rule") 56(c)(1)(B). "A fact is 'material' when . . . it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

If the movant satisfies its "initial burden," "the nonmoving party must set forth, by affidavit or as otherwise provided in . . . Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting former Rule 56(e)). Summary judgment "evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Sec. & Exch. Comm'n v. Todd, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001)).

Further, Local Rule 260(b) prescribes:

> Any party opposing a motion for summary judgment . . . [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are

>>disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

Because a district court has no independent duty "to scour the record in search of a genuine issue of triable fact," and may "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment,"... the district court . . . [is] under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf. Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)).

**B.   UNCONTROVERTED FACTS**

The following facts are uncontroverted. In July 2010, Plaintiff's unpaid financial obligation to Watsonville Community Hospital was referred to Defendant for collection. (SUF ¶ 1, ECF No. 15-2.) Defendant filed a collection lawsuit against Plaintiff on September 2010, following which the court entered judgment in Defendant's favor in the amount of $2,304.54. (SUF ¶¶ 2, 5.) On April 9, 2013, the court issued a writ of execution for $2,226.00 at Defendant's request. (SUF ¶ 16.) Plaintiff's bank was served with a Notice of Levy and on May 7, 2013, following which the

Sheriff remitted to Defendant $2,261.00 taken from Plaintiff's bank account. (SUF ¶¶ 17-18.)

**C. DISCUSSION**

    **1.  Rule 56(d)**

Plaintiff argues Defendant's summary judgment motion should be denied because "Defendant was provided an extension on responding to Plaintiff's discovery, prior to the filing of its motion, and thus, Plaintiff has not had the benefits of adequate discovery, in order to have a fair and reasonable opportunity to oppose Defendant's motion." (Pl.'s Opp'n Def.'s Mot. Summ. J. ("Opp'n") 4:18-22, ECF No. 15.) This argument is construed as a motion under Rule 56(d)(1), which states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion or deny it."

Defendant argues that Plaintiff's request should be denied since "the party seeking a continuance [under Rule 56(d)] has the burden of showing (1) that there are specific facts that it hopes to elicit from further discovery; (2) that those facts actually exist; and (3) that they are 'essential' to resist the summary judgment motion," and Plaintiff "has not pointed to any specific facts that are essential to resist summary judgment." (Reply ISO Mot. Summ. J. ("Reply") 8:16-17, ECF No. 16.)

Plaintiff has not supported her Rule 56(d) request "by affidavit or declaration"; nor has Plaintiff "specified reasons [she] . . . cannot present facts essential" to her opposition without additional discovery. Rule 56(d). Therefore, Plaintiff's Rule 56(d) request is denied.

4

**2. Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act")**

Plaintiff alleges in her Complaint that Defendant violated the following provisions of the FDCPA: 15 U.S.C. §§ 1692d, e(2)(A), e(1), f, f(1). (Compl. ¶ 15.) California law prescribes violations of 15 U.S.C. §§ 1692(b)-(j) also constitute violations of California's Rosenthal Act. Cal. Civ. Code § 1788.17.

**a. Debt Collection Agency**

Defendant seeks summary judgment on Plaintiff's FDCPA and Rosenthal Act claims alleged under 15 U.S.C. §§ 1692e(2)(A), e(10), f, and f(1); arguing these claims are premised on the allegations in Plaintiff's Complaint that Defendant referred her "account to a debt collection agency," which did not occur. (Mot. Summ. J. ("Mot.") 11:5-7, ECF No. 13.)

Plaintiff's Complaint reveals that these claims are premised solely on the factual allegation that Defendant sent her debt to a debt collection agency, which the uncontroverted facts evince did not occur. (See Compl. ¶ 15, ECF No. 1; SUF ¶ 20.) Therefore, Defendant's motion is granted.

**b. Harass, Oppress, or Abuse**

Plaintiff alleges Defendant violated 15 U.S.C. § 1692d of the FDCPA and the Rosenthal Act by "engag[ing] in . . . conduct the natural consequence of which is to harass, oppress, or abuse . . . [her] in connection with the collection of a debt." (Compl. ¶ 15). Defendant argues it is entitled to summary judgment on these claims because there are no facts supporting

5

them.

Plaintiff "has . . . failed to make a [factual] showing" that any of these claims are supported by evidence. Celotex Corp., 477 U.S. at 323. "When the nonmoving party has the burden of proof at trial, the moving party need only point out that there is an absence of evidence to support the nonmoving party's case." Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001)(citation omitted). Therefore, Defendant's motion is granted.

### 3. Electronic Funds Transfer Act ("EFTA")

Defendant contends its summary judgment motion on Plaintiff's Electronic Funds Transfer Act ("EFTA") claim should be granted, since the EFTA does not apply to any payment Plaintiff made because "each payment Plaintiff [made to Defendant] . . . was initiated by generating a physical paper check." (Mot. 14:17-18.)

The EFTA applies to "electronic fund transfers" but explicitly excludes "a transaction originated by check, draft, or similar paper instrument" from the definition of an "electronic fund transfer." 15 U.S.C. § 1693a(7).

Defendant supports its motion with its asserted undisputed statement of fact stating: "All withdraws from Plaintiff's bank account were made in 2010 and 2011 pursuant to the payment plan and were made by paper checks drawn on her account and were subsequently deposited at the firm's bank. Gordon Decl., ¶ 8."  (SUF ¶ 8.) Specifically, Gordon declares: "[a]ll withdrawals from Plaintiff's bank account were made . . . by paper checks drawn on her account." (Gordon Decl. ¶ 8, ECF No.

1  13-2.)

2  Plaintiff objects to the admissibility of Gordon's
3  declaration, arguing it "lacks foundation and is speculative."
4  (Opp'n 11:11-12.)

5  Defendant responds that "as a partner at [the Defendant
6  law firm], Ms. Gordon is competent to testify as to the
7  [Defendant law firm's] practices, including payment processing
8  procedures." (Reply 7:3-5.)

9  Gordon declares in her declaration that she is "a
10 partner at Gordon & Wong Law Group, P.C." and the information in
11 her declaration is "based on [her] . . . experience running the
12 law firm, and [her]...review of records" the Defendant maintains.
13 (Gordon Decl. ¶ 1.) In light of what Gordon declares, Plaintiff's
14 foundation and speculation objections are overruled.

15 Since Plaintiff has not shown that an electronic fund
16 transfer occurred, she does not have a viable EFTA claim and this
17 portion of Defendant's motion is granted.

18 **4.   Unfair Competition Law ("UCL")**

19 Defendant seeks summary judgment on Plaintiff's UCL
20 claim arguing she bases the claim entirely on the success of
21 other claims in the Complaint and since summary judgment should
22 be granted in Defendant's favor on those claims, it should be
23 granted in Defendant's favor on Plaintiff's UCL claim as well.
24 (Mot. 13:5-7.)

25 Plaintiff offers no basis for her UCL claim, other than
26 her non-viable Rosenthal Act, FDCPA, and EFTA claims. Therefore,
27 Defendant's motion on Plaintiff's UCL claim is granted.

28 ///

7

**D.    CONCLUSION**

For the reasons stated, Defendant's summary judgment motion is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Defendant and close this action.

## II. PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

Lastly, since Defendant's motion has been granted, it appears that Plaintiff's counsel's motion to withdraw as Plaintiff's attorney of record is moot; therefore, the motion is denied as moot.

Dated:   January 30, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge